UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MITTIE LAVONE DAVIS                                                                                      Plaintiff

v.                                                                                        Civil Action No. 3:22-cv-429-RGJ

LEAR CORPORATION and                                                                           Defendants
BROADSPIRE SERVICES, INC.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Broadspire Services, Inc.'s ("Broadspire") moves to dismiss the count against it. [DE 9]. Plaintiff Mittie Lavone Davis ("Davis") responded. [DE 12]. Davis also moved to amend her complaint. [DE 11]. Broadspire responded [DE 13], and Davis replied. [DE 14]. These matters are ripe. For the reasons below, Davis's Motion to Amend [DE 11] is **GRANTED** and Broadspire's Motion to Dismiss [DE 9] is **DENIED**.

**I.    BACKGROUND[1]**

Davis worked for Defendant Lear Corporation ("Lear") as a full-time assistant lead operator from approximately February 2015 to January 2022. [DE 11-1 at 71]. Broadspire was a Third-Party Administrator ("TPA") for Lear which provided leave benefits including short term disability and leave under the Family Medical Leave Act ("FMLA").[2] [*Id.* at 70].

In the last several years of her employment, Davis took FMLA leave from her job at Lear. [*Id.* at 71]. She submitted these leave requests to Broadspire, who approved them. [*Id.* at 71-72].

---

[1] The following background is taken from the amended complaint. [DE 11-1].
[2] Broadspire argues that the Complaint incorrectly notes that Broadspire handled "short-term disability *leave* requests," which it argues is incorrect because it administered "short-term disability *benefits* requests." [DE 13 at 89 (emphasis in original)]. Davis does not reply to this contention other than to note in passing "that it is Broadspire who receives and reviews requests for FMLA leave and Short Term Disability Leave benefits." [DE 14 at 107]. The distinction, if any, appears irrelevant to the Court's analysis.

1

Davis requested additional FMLA leave in early December 2021, requesting FMLA leave through January 4, 2022, and submitted to Broadspire an FMLA leave form completed by her doctor. [*Id.* at 72]. On December 11, 2022, Davis submitted another request for intermittent FMLA leave—approximately three days a week—from December 11, 2022 through June 11, 2022, again including a FMLA form from her doctor. [*Id.*].

On January 14, 2022, Broadspire wrote Davis approving her FMLA leave through December 30, 2021, and informing her that she would need to notify Broadspire if she needed additional leave. [*Id.* at 73]. On January 22, 2022, Davis submitted another request for FMLA leave through March 7, 2022. [*Id.*]. On January 27, 2022, Broadspire wrote Davis and advised her that her request for leave beginning in December 2021 was denied because there was no supporting medical information. [*Id.*]. At the end of January, Leer terminated Davis's employment for allegedly violating Lear's attendance policy. [*Id.*]. When Davis spoke with a Broadspire representative a few days later, she was told that Lear requested that Broadspire reject her request for leave, that Broadspire complied with this request, and that it knew the request did not comply with FMLA and that such denial would likely lead to her employment termination. [*Id.*].

Davis brought suit against Lear and Broadspire in August 2022 alleging against Lear five counts: discrimination in violation of the Americans with Disabilities Act, FMLA interference, retaliation in violation of FMLA, discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), and retaliation in violation of Ky. Rev. Stat. ("KRS") § 342.197(1). [DE 1 at 5-9]. Against Broadspire Davis brought a count of aiding and abetting Leer in violation of the KCRA. [*Id.* at 8]. Broadspire now moves to dismiss the claim against it. [DE 9]. In response Davis moved

to amend her complaint to include additional factual allegations against Broadspire. [DE 11]. The Court now considers these motions.

## II. STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the

3

amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. DISCUSSION

Because Davis has moved to amend her Complaint, the Court first considers this motion. *See Gallaher & Associates, Inc.*, 2010 WL 670078, at *1; *and Brumbalough*, 427 F.3d at 1001. *See also AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 943 (W.D. Tenn. 2010) (observing that the court must consider a motion to amend before a dispositive motion, and the court should consider whether amendment is futile – if so, the pertinent cause of action cannot survive a motion to dismiss). Broadspire does not assert undue delay, bad faith, or dilatory motive, and thus the Court's analysis will be limited to futility. *See Brumbalough*, 427 F.3d at 1001. Because the standard for futility mirrors the review applied in motions to dismiss the Court will address Davis's amended allegations as if included in her original Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 1980215, at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if included in first complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'"). Because the motion to dismiss does not assert grounds separate from Broadspire's response to the

motion to amend, the Court will consider the arguments with respect to the amended complaint and will not separately address the motion to dismiss.

In her amended complaint, Davis seeks to add facts to her claim against Broadspire. [DE 11]. Davis adds additional detail regarding Broadspire's involvement, including that she submitted her leave requests to Broadspire and that Broadspire was the entity reviewing her documentation and responding to it, and specifying dates of events. [*Id.*]. Broadspire asserts that Davis's amended complaint is futile because it fails to state a claim under the KCRA, as the KCRA does not cover FMLA leave or short-term disability benefits and because Davis fails to plead facts showing Broadspire was responsible for implementing her accommodations. [DE 13 at 92-99]. Broadspire also contends that Davis does not establish an FMLA violation because Broadspire is not an employer and because she fails to establish the elements under aiding and abetting. [*Id.* at 93-99]. Davis agrees the Broadspire is not Davis's employer and would not be liable as an employee but only as an aider and abettor. [DE 14 at 106]. Davis disagrees with the rest of Broadspire's argument, arguing in reply that it is well accepted law in Kentucky that FMLA or short-term disability benefits can be reasonable accommodations under the KCRA and that she has established the elements of aiding and abetting. [*Id.* at 105-08]. Davis alleges that "Broadspire was responsible for reviewing, deciding or implementing workplace accommodations for Lear's disabled employees." [*Id.* at 106-07]. Davis contends that "it is Broadspire who receives and reviews requests for FMLA leave and Short Term Disability Leave benefits, and decides on behalf of Defendant Lear, and in aiding and abetting Defendant Lear, whether to grant the requested accommodation." [*Id.*].

The KCRA "provide[s] for execution within the state of the policies embodied in the [federal civil rights statutes]." KRS § 344.020(1)(a). Under Kentucky law, an "employer" may

6

not "discriminate against an individual . . . because of the individual's . . . disability." *Id.* at 344.030(2). KRS § 344.280 further provides, in pertinent part:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter; or
> (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter;

"[T]he language of the Kentucky Civil Rights Act mirrors the language of both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 701, et seq." *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 520 (6th Cir. 1998). "Both acts forbid discrimination on the basis of disability." *Id.*

Kentucky law follows the definition of aiding and abetting tortious conduct as laid out in the Restatement (Second) of Torts § 876. *Bariteau v. PNC Fin. Servs. Grp., Inc.*, 285 F. App'x 218, 224 (6th Cir. 2008). Section 876 provides that a party is subject to liability if the party:

> (a) does a tortious act in concert with [another] or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so as to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Id.* (quoting Restatement (Second) of Torts § 876 (1979)).

Of course, federal law, including FMLA, "is distinct from the ADA [and the KCRA]." *Larison v. Home of the Innocents*, 551 S.W.3d 36, 46 (Ky. App. 2018). At the same time, the KCRA "provide[s] for execution within the state of the policies embodied in the [federal civil rights statutes]." Ky. Rev. Stat. Ann. § 344.020(1)(a).

7

"The case law is fairly clear that a request for medical leave can qualify [under the KCRA or ADA] as a request for a reasonable accommodation under certain circumstances." *Larison*, 551 S.W.3d at 45. If seeking leave could be a reasonable accommodation, it seems inconsistent to interpret the statute to suggest that simply because the leave was "FMLA," that leave could no longer be a reasonable accommodation. The Sixth Circuit considered a similar situation. In *Parks v. UPS Supply Chain Sols., Inc.*, 607 F. App'x 508, 519 (6th Cir. 2015), the Sixth Circuit considered a case in which Parks requested and was approved for FMLA leave many times before he was fired. *Id.* at 510-12. Parks brought suit alleging FMLA retaliation and failure to accommodate under KCRA. *Id.* at 512. Ultimately the Sixth Circuit rejected Park's KCRA claim because he "offered no evidence that his final two performance errors were related to his disability" for which he requested FMLA leave. *Id.* at 519. Thus, under certain circumstances, a request for FMLA leave may be used as the basis for a KCRA discrimination claim.[3] And although the parties agree that Broadspire is not an employer, Broadspire's argument does not contain any case law suggesting that an aider and abettor must be an employer or that an aider and abettor may not otherwise be held liable under a KCRA discrimination claim. Davis's claim is based on Kentucky's law against disability discrimination, not FMLA. Thus Broadspire's first argument, that it cannot be held liable for the failure to accommodate FMLA leave, fails.

Broadspire also argues that Davis fails to allege facts plausibly establishing the elements for aiding and abetting. [DE 13 at 97-99]. Davis alleges that Broadspire was responsible for administering Lear's FMLA leave and short-term disability benefits. [DE 11-1 at 77-78; DE 14 at 106-08]. Davis states that when she spoke with Broadspire, the representative told her that Lear requested Broadspire reject Davis's request for leave, that Broadspire complied with this request,

---

[3] Davis has no claim against Broadspire under the FMLA or ADA since it is not her employer, and that the KCRA aiding and abetting section has no equivalent under federal law.

8

and that it knew both that the request did not comply with FMLA and that such denial would likely lead to Davis's employment termination.[4] [DE 11-1 at 74]. Taking Davis's allegations as true, Davis has thus alleged facts that could plausibly suggest Broadspire had knowledge of Lear's breach of duty and that it substantially assisted Lear to terminate Davis, which are necessary elements of an aiding and abetting claim as set forth above. Given these allegations, the Court need not consider whether Davis has alleged sufficient facts under the other two theories of aiding and abetting. Davis has sufficiently alleged aiding and abetting discrimination under the KCRA.

Davis's claim is thus not futile, and her Motion to Amend [DE 11] is **GRANTED**. The Court **DENIES** Broadspire's Motion to Dismiss [DE 9].

---

[4] Broadspire argues that Davis does not and cannot "assert that Broadspire was responsible for reviewing, deciding, or implementing workplace accommodations to Lear employees." [DE 13 at 96-97]. Broadspire directs the Court to its "Administrative Services Agreement" attached to its motion, arguing the Court may properly consider this document on motion to dismiss. [*Id.* (citing *Bassett*, 528 F.3d at 426); DE 13-1]. But this document was neither attached to the complaint, nor is it necessarily central to Davis's claims. And the document states that Broadspire would "provide the initial and ongoing screening of claims to determine whether benefits are payable." [DE 13-1 at 102]. Thus this document, even if properly considered by the Court on motion to dismiss, does not at this stage establish that Broadspire could not make decisions on leave.

## IV.     CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)     Davis's Motion to Amend [DE 11] is **GRANTED**;

(2)     Broadspire's Motion to Dismiss [DE 9] is **DENIED**;

(3)     Davis's Amended Complaint [DE 11-1] is deemed filed as of the date of entry of this Order.

*Rebecca Grady Jennings, District Judge*
United States District Court

June 28, 2023

Cc:     Counsel of record